| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| RIKER, DANZIG, SCHERER, HYLAND<br>& PERRETTI LLP<br>Joseph L. Schwartz, Esq. (JS-5525)<br>Kevin J. Larner, Esq. (KL-8627)<br>Headquarters Plaza, One Speedwell Avenue<br>Morristown, NJ  07962-1981<br>(973) 538-0800<br><br>Attorneys for Plaintiff,<br>Federal National Mortgage Association | |
| In re:<br><br>ANNA V. PORT,<br><br>                                                         Debtor. | Chapter 7<br><br>Case No. 14-15224 (GMB) |
| FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION,<br><br>                                                         Plaintiff,<br><br>v.<br><br>ANNA V. PORT,<br><br>                                                         Defendant. | Adv. Pro. No. 14-1592 (GMB) |

**Order Filed on November 5, 2014**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

**JOINT MEDIATION ORDER**

The relief set forth on the following pages, numbered two (2) through four (4) is hereby ORDERED.

**DATED: November 5, 2014**

Honorable Gloria M. Burns
United States Bankruptcy Court Judge

| | |
|---|---|
| Debtor: | Anna V. Port |
| Case No. | 14-15224 (GMB) |
| Adv. Pro. | Federal National Mortgage Association v. Anna V. Port |
| Adv. Pro. No. | 14-1592 (GMB) |
| Caption of Order: | JOINT MEDIATION ORDER |

It appearing that the parties, in an effort to reach a mutually agreeable resolution of all issues between them, have stipulated and agreed, through their respective counsel, to submit the following claims between them to mediation:

and for good cause shown; it is

ORDERED, that the following terms and guidelines shall govern the mediation process between the parties.

1. Plaintiff Federal National Mortgage Association ("Plaintiff") and defendant Anna V. Port ("Defendant," and together with Plaintiff, the "Parties") agree to make a good faith attempt to settle this action through mediation and will attend, personally or through a representative with authority to negotiate and settle the disputes, all sessions scheduled by the mediator. In order to facilitate the mediation, the Parties agree and acknowledge that non-party Eric Port is integral to any potential settlement, and, as such, Eric Port shall be required to attend the mediation and participate in the mediation in good faith.

☒ The Parties agree and do appoint **Leonard Wizmur** to act as mediator. The mediator's address is: **Wizmur and Finberg LLP, Evesham Commons, 525 Route 73 South, Suite 200, Marlton, New Jersey 08054**.

-or-

☐ Since the Parties are unable to agree upon a mediator, the Parties request the Court to appoint a mediator.

2. The Parties agree to compensate the mediator at the rate of **$300 per hour**. Each Party agrees to bear one-half of the mediator's fee. The mediator's fee will be due within thirty (30) days after the filing of the Mediator's Report, unless separate application is required under the rules.

Debtor:            Anna V. Port
Case No.           14-15224 (GMB)
Adv. Pro.          Federal National Mortgage Association v. Anna V. Port
Adv. Pro. No.      14-1592 (GMB)
Caption of Order:  JOINT MEDIATION ORDER

---

3. The scheduling and location of all mediation sessions will be determined by the mediator, however, the mediation must commence within sixty (60) days from the entry of this Order, unless extended by further order of the Court.

4. All oral and written communications concerning the subjects of this mediation, generated in the context of the mediation process, are in the nature of confidential settlement discussions and shall not be disclosed to any third party, either by the mediator or the parties. Communications protected against disclosure include the circumstances of the termination of the mediation.

5. Oral and written communications made during the mediation are not admissible into evidence in any judicial or administrative proceeding. However, evidence shall not be excluded or otherwise considered improper in any judicial or administrative proceeding on the grounds that it was developed as an outgrowth of information supplied in mediation. Further, written formal expert reports and studies designated as such by the parties, which are exchanged during the mediation, may be admissible into evidence in accordance with applicable rules of evidence in any judicial or administrative proceeding relating to this matter. Disclosure of information in this mediation will not result in the waiver of any privilege or right of confidentiality which might otherwise attach to the information.

6. The mediator shall not testify in any judicial proceedings as to any statements, matters, occurrences or observations arising out of the mediation except by express written agreement of all parties to the mediation. This clause is not applicable to any litigation to enforce the terms of any written agreement reached by the parties in the course of the mediation wherein the meaning or content of such agreement is put in issue.

7. No written record or transcript of any discussion had in the course of this mediation is to be kept, absent express written agreement by the parties.

8. With the exception of disclosures required under Fed. R. Civ. P. 26(a), all discovery deadlines, statutes of limitations, procedural deadlines and other court or statutorily imposed requirements regarding pleadings, discovery, defenses and/or motions or trial dates are hereby

Case 14-01592-GMB    Doc 14    Filed 11/05/14    Entered 11/06/14 08:01:08    Desc Main
Document    Page 4 of 4

Page 4
Debtor:           Anna V. Port
Case No.          14-15224 (GMB)
Adv. Pro.         Federal National Mortgage Association v. Anna V. Port
Adv. Pro. No.     14-1592 (GMB)
Caption of Order: JOINT MEDIATION ORDER

suspended and postponed, without prejudice to any parties, pending the conclusion or termination of this mediation.

9. Either Party, including the mediator, shall have the right to terminate this mediation at any time for any reason by providing written notice to counsel for all Parties and to the mediator.

10. Within seven (7) days from conclusion or termination of the mediation, the Mediator shall file a Mediation Report, with a copy provided by e-mail to the Mediation Administrator, which indicates either (a) the referenced matter(s) has been settled and a stipulation/proposed consent order will be filed; or (b) the mediation did not result in settlement.

11. For case management purposes, a status conference is scheduled for __Jan. 6, 2015__ at __2:00 PM__ at the U.S. Bankruptcy Court, _____, courtroom no.: _____.

The conference will be conducted:

☐ in court with appearances required;

☒ by telephone;

☐ by letter report due by above date in lieu of status conference.